IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01395-BNB

JOSEPH B. TRUJILLO,

    Plaintiff,

v.

HONORABLE SHELLEY I. GILMAN, and
PHELICIA KOSSIE BUTLER, Deputy Public Defender,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN -6 2011

GREGORY C. LANGHAM
                  CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

---

Plaintiff, Joseph B. Trujillo, is currently residing at a halfway house in Denver, Colorado. Mr. Trujillo initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint on May 26, 2011. The Court granted Mr. Trujillo leave to proceed pursuant to 28 U.S.C. § 1915 on June 1, 2011.

The Court must construe the Complaint liberally because Mr. Trujillo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Complaint filed by Mr. Trujillo and finds that it is deficient. Mr. Trujillo asserts jurisdiction pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915. However, neither the Federal Rules of Civil

Procedure nor 28 U.S.C. § 1915 provides a basis for the Court's jurisdiction. Instead, it appears that the claims Mr. Trujillo raises in this action must be asserted pursuant to 28 U.S.C. § 2254 because those claims call into question the validity of Mr. Trujillo's sentence. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). More specifically, Mr. Trujillo asserts that the trial court's evidentiary rulings during his state court criminal trial deprived him of his constitutional right to a fair trial. He also asserts that he received ineffective assistance of counsel. Mr. Trujillo requests that his conviction be vacated and that he receive a new trial. Therefore, Mr. Trujillo will be directed to file an amended pleading on the proper form if he wishes to pursue his claims challenging the validity of his sentence.

In addition, the Honorable Shelley I. Gilman, a state judge, and Deputy Public Defender Phelicia Kassie Butler are not proper parties to this action. The only proper respondent to a habeas corpus action is the applicant's custodian. **See** 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). Accordingly, it is

ORDERED that Mr. Trujillo file an amended pleading on the proper form **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Trujillo, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Trujillo fails within the time allowed to file an amended pleading as directed, the action will be dismissed without further notice.

DATED June 6, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Case 1:11-cv-01395-DME   Document 4   Filed 06/06/11   USDC Colorado   Page 4 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01395-BNB

Joseph B Trujillo
1450 E 62nd Ave
Denver, CO 80216

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on June 6, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk