FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 6 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01395-BNB

JOSEPH BENJAMIN TRUJILLO,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE
SECOND AND FINAL AMENDED APPLICATION

---

Applicant, Joseph Benjamin Trujillo, is currently residing at a halfway house in Denver, Colorado. Mr. Trujillo initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint on May 26, 2011. The Court granted Mr. Trujillo leave to proceed pursuant to 28 U.S.C. § 1915 on June 1, 2011.

On June 6, 2011, the Court reviewed the Complaint and determined that Mr. Trujillo's claims must be asserted pursuant to 28 U.S.C. § 2254 because they called into question the validity of Mr. Trujillo's state court conviction and sentence. *See* **Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, Mr. Trujillo was directed to file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. U.S.C. § 2254. Mr. Trujillo filed two copies of an Amended Application on June 14, 2011.

The Court must construe the Amended Application liberally because Mr. Trujillo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Amended Application filed by Mr. Trujillo and finds that it is again deficient. Mr. Trujillo fails to asserts a statement of the claims he intends to raise in this Court. Instead, Mr. Trujillo has attached to the Application a document that sets forth a time line of events that occurred during his state court criminal trial. However, Mr. Trujillo does not assert any constitutional violations or claims. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Trujillo go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The Court is not responsible for reviewing any attached documents submitted by Mr. Trujillo to determine what claims and specific facts he intends to raise in the instant action. Therefore, Mr. Trujillo will be ordered to file **one copy** of a Second and Final Amended Application in which he identifies, on the Court-approved form, all the specific claims for relief that he is asserting, and in which he provides specific facts in support of each asserted claim. Accordingly, it is

ORDERED that Mr. Trujillo file a second amended pleading on the proper form **within thirty (30) days from the date of this order.** It is

FURTHER ORDERED that the clerk of the court mail to Mr. Trujillo, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that if Mr. Trujillo fails within the time allowed to file a second amended pleading as directed, the action will be dismissed without further notice.

DATED June 16, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01395-BNB

Joseph Benjamin Trujillo
1450 E 62nd Ave
Denver, CO 80216

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on June 16, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk