IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01395-DME

JOSEPH BENJAMIN TRUJILLO,

 Applicant,

v.

LISA SAILOR, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

 Respondents.

## ORDER TO DISMISS IN PART

David M. Ebel, Senior Circuit Judge.

 Applicant, Joseph Benjamin Trujillo, is a prisoner currently on parole under the supervision of the Colorado Department of Corrections. Mr. Trujillo, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on June 14, 2011. He filed an Amended Application on June 28, 2011. Mr. Trujillo is challenging the validity of his conviction and sentence in Case No. 07CR6518 in the District Court for the City and County of Denver.

 On July 1, 2011, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On July 15, 2011, Respondents filed a Pre-Answer Response. Mr. Trujillo has not filed a Reply within the time provided.

I must construe liberally the Amended Application and Reply filed by Mr. Trujillo because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Application will be dismissed in part.

## I.   Background and State Court Proceedings

Mr. Trujillo was convicted by a jury of one count of aggravated cruelty to animals. Pre-Answer Resp. at 2. After finding that Mr. Trujillo had three prior felony convictions, the trial court sentenced him to six years in the custody of the Colorado Department of Corrections. *Id.*

Mr. Trujillo filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court decision on July 29, 2010. Pre-Answer Resp. at Ex. C. The Colorado Supreme Court denied certiorari review on November 15, 2010. *Id.* at Ex. D.

Mr. Trujillo initiated the instant action in this Court on June 14, 2011. Respondents concede, and I agree, that the action is timely under 28 U.S.C. § 2244(d).

In the Amended Application, Mr. Trujillo asserts the following claims:

1.  The trial court should have appointed him "conflict free" counsel because his counsel failed to show him the discovery in his case, and failed to test a shovel used as evidence for the presence of blood or fingerprints.

2.  His trial was unfair because he was not allowed to personally cross examine witnesses.

3.  The trial court improperly allowed the prosecution to present bad character evidence to demonstrate that Mr. Trujillo did not like dogs.

Respondents assert that Claims Two and Three are unexhausted in the state courts and are now are procedurally barred.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Trujillo's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondents argue that Claim Two is unexhausted because Mr. Trujillo failed to present this claim to the Colorado Court of Appeals in his direct appeal. Pre-Answer Resp. at 8. Respondents also assert that Claim Three is unexhausted because Mr. Trujillo failed to present this claim to the state courts as asserting a federal constitutional question. *Id.* at 9. Respondents conclude that Claims Two and Three are now

procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VI), the claims would be rejected as successive. *Id.*

Upon review of Mr. Trujillo's opening brief on direct appeal, I agree that Mr. Trujillo failed to satisfy the fair presentation requirement for Claims Two and Three. *See* Pre-Answer Resp. at Ex. A, p. 9-16. With respect to Claim Two (the cross-examination claim), Mr. Trujillo simply failed to present this claim to the appellate court. He did argue on appeal that his trial was unfair because the trial court prevented defense counsel from impeaching Mr. Trujillo's mother-in-law on cross-examination. *Id.* at 14. However, in this Court, Mr. Trujillo raises the claim that he should have been allowed to personally cross-examine unidentified witnesses about a shovel. Amended Application at 6. Mr. Trujillo did not present this claim in any fashion on direct appeal. As a result, I find that he has failed to exhaust Claim Two.

With respect to Claim Three (the prosecution was allowed to present improper bad character evidence), I find that Mr. Trujillo failed to present this claim as raising a federal constitutional question on direct appeal. Mr. Trujillo did not cite to any United States Supreme Court authority and he failed to label the claim a federal one. *See id.* at 9-13. Instead, Mr. Trujillo relied only on Colorado state case law in developing his argument that the *res gestae* evidence was improperly admitted under Colorado Rule of Evidence 404(b). *Id.*

In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Trujillo alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim. Instead, he

must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, I find that Mr. Trujillo has failed to exhaust state court remedies for Claims Two and Three.

Moreover, with limited exceptions that are not applicable to Claims Two and Three, the Colorado Rules of Criminal Procedure bar Mr. Trujillo from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already raised on post-conviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, I find that Mr. Trujillo has procedurally defaulted Claims Two and Three.

Mr. Trujillo also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.  Claims Two and Three, therefore, are procedurally barred from federal habeas review and must be dismissed.

Accordingly, it is

ORDERED that Claims Two and Three are dismissed with prejudice as procedurally defaulted.  It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claim One.  It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

DATED at Denver, Colorado, this  7th  day of   September  , 2011.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel, Senior Judge
United States District Court